DELL, Judge.
Beverly Spearman appeals a final judgment of the Broward County Circuit Court in favor of the Estate of Robert Spearman, which ordered an accounting of funds transferred to her by her deceased former husband. We reverse.
Appellee Lloyd Fenno, as personal representative of the decedent’s estate, brought an action alleging conversion and seeking an accounting of some $984,000 transferred to appellant. Appellee alleged the existence of a trust in which the corpus was to be held by appellant for the use and benefit of Robert Spearman, who was incarcerated at the time such funds were transferred. The trial court determined appellant received the money for the use and benefit of Robert Spearman and that it was not intended as a gift to her. The trial court ordered appellant to account for the money within sixty days and to render a written accounting of all sums she received from the deceased. The trial court denied appel-lee’s claim for conversion but indicated it would, if necessary, enter a judgment against appellant in an amount equal to the difference between the sums she received from her former spouse and those appropriate expenditures she made on his behalf.
Appellant raises several points on appeal. We need only address her contention that the trial court did not have sufficient evidence to establish either an express or a resulting trust.
Appellee presented no direct evidence in support of its claim that appellant held the money as trustee for the deceased. When the personal representative attempted to testify about his conversations with the decedent, the trial court sustained appellant’s objection based upon the deadman’s statute, section 90.602, Florida Statutes (1991). Appellee has not cross-appealed, but instead argues the following excerpt from the transcript of the proceeding supports the trial court’s judgment:
Q. (BY MR. MORRELL) Did Mrs. Beverly Spearman ever tell you that she was using that money for Bob Spearman?
A. (MR. FENNO) Yes.
The complete excerpt of the testimony reveals the following:
Q. What exactly did she say?
A. I was sitting in my living room with my wife and she had — was up in West Palm Beach and we were discussing monies and I said, “Boy, I’ve sure paid out a lot of Bob’s money” and she said, “Tell me about it. I’ve paid out a lot of Bob’s money.”
Q. And was it your understanding that the money that she was talking about was the money that you had transferred?
A. Of course.
Q. That was what you were talking about?
A. Yes.
The record contains no other evidence from which the trial court could have determined the existence of a trust. In Columbia Bank for Cooperatives v. Okeelanta Sugar Operative, 52 So.2d 670 (Fla.1951), the supreme court stated:
In all cases wherein relief is predicated upon an oral agreement for an express trust in personalty or upon facts which might be contended to establish a constructive or resulting trust, proof of such an agreement or of such facts must be *278 weighed cautiously and should be clear, positive and unequivocal. With reference to an express trust the general rule requires at least a clear preponderance of the proof and many courts have held that the parol evidence must be of a conclusive, or well nigh conclusive, character. Of course, in the case of a resulting trust the rule is even stronger and requires proof sufficient to remove from the mind of the Chancellor every reasonable doubt of the existence of such a trust.
Id. at 674. We hold the evidence presented does not establish either an express trust or a resulting trust.
Accordingly, we reverse the final judgment in favor of appellee.
REVERSED.
WARNER and POLEN, JJ., concur.