FARMER, Judge,
concurring.
This is an epilogue to our decision in Spearman v. Estate of Spearman, 618 So.2d 276 (Fla. 4th DCA), rev. denied, 629 So.2d 132 (Fla.1993). Our reversal of the final judgment necessarily required the trial judge merely to enter judgment in favor of the defendant. When the ease returned to the trial court on our mandate, however, the plaintiff moved for a new trial on the newly advanced theory that a protective order entered before trial had unfairly limited plaintiffs access to discoverable evidence. It is clear that plaintiff did not cross appeal that protective order in the previous appeal. Consequently, the trial judge properly denied the wholly unauthorized motion for new trial. It is that denial that plaintiff seeks to review in this appeal.
Litigation should end when it is over. To paraphrase Shakespeare, of all the wonders that I yet have heard, it seems to me most strange that men should resist, seeing that the conclusion of a lawsuit, a necessary end, will come when it will come.[1] When parties have had an opportunity to state their claims and to produce their evidence, when they have had a full appeal after the final judgment, then it is time to lay down the instruments of justice and cease advocacy. “Relit-igation” appeals — i.e. an appeal after a previous appeal that entirely disposed of all issues *1148 and concluded with a final determination in favor of one party — should not be encouraged, much less allowed. The most effective way of discouraging this misuse of judicial resources is to hold forthrightly that it is frivolous. For the refusal of one party to accept this necessary end by persisting in filing motions and appeals is, to me, the model of frivolous litigation.
The constitutional imperatives of access to the courts and due process of law have never been understood to require courts to allow parties to continue fighting when the fight is over. If section 57.105 does not exist to tax fees as costs against a litigant who refuses to acknowledge finality, then it is hard for me to see what purpose it serves. I think we make a serious error when we decline to award fees for this kind of appeal.
In affirming, we should also permit no motion for rehearing and issue our mandate instanter. Moreover, we should grant defendant’s motion for an award of attorney’s fees under section 57.105, Florida Statutes (1993), because it is clear to me that appellant has failed to raise any justiciable issue of law or fact.

. The text from which I borrow is:
"Ctes. Cowards die many times before their deaths;
The valiant never taste of death but once. Of all the wonders that I yet have heard,
It seems to me most strange that men should fear;
Seeing that death, a necessary end, Will come when it will come.”
W. Shakespeare, Julius Caesar, II, ii.